IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| DAVID QUIROGA | § |
| | § |
| v. | § CIVIL ACTION NO. G-10-397 |
| | § |
| CITY OF GALVESTON | § |

## OPINION AND ORDER

On July 27, 2012, Plaintiff, David Quiroga, filed "Objections to Bill of Costs" submitted by Defendant, City of Galveston, following its successful defense against Quiroga's discrimination suit. The Court will address the objections *seriatim*.

Quiroga objects to the City's request for reimbursement for copies of the transcripts of the three depositions taken by Quiroga of the City's employees. Under 28 U.S.C. § 1920(2), these costs are recoverable if the transcripts were "necessarily obtained for use in the case." A copy of a deposition transcript may be taxed as a cost if obtained for use during trial or for trial preparation, rather than for mere convenience of counsel. Fogelman v. ARAMCO, 920 F.2d 278, 285-86 (5th Cir. 1991)   Here, the deposition copies in question were of key fact witnesses and the copies, therefore, would have been necessary for effective preparation in the case had a trial become necessary. Moreover, portions of each of the depositions were used by one party or the other as exhibits to their summary judgment submissions. Cf. West Wind Africa Line v. Corpus Christi Marine Services Co., 834 F.2d 1232, 1237-38 (5th Cir. 1988)   Quiroga's objection is therefore **OVERRULED** and the City's claim for $1,113.24 for copies of the transcripts is **ALLOWED** in its entirety.

Quiroga also objects to the City's request for reimbursement of photocopies and digital images totaling $53.10. The costs of copies can be recovered if the copies were necessary for use at trial. If challenged, the Party seeking such costs must offer some proof of necessity. Holmes v. Cessna Aircraft Co., 11 F.3d 63, 64 (5th Cir. 1998)   The City has informed the Court that it will not be filing a response to Quiroga's objections, therefore, without the showing of necessity, Quiroga's objections are **SUSTAINED**, without prejudice, and the $53.10 **WILL BE DISALLOWED**.

Finally, Quiroga objects to the City's request for reimbursement for mileage, parking and postage. These objections will be **SUSTAINED**. An attorney's travel expenses are not recoverable. Jensen v. Lawler, 338 F.Supp. 2d 739, 746 (S.D. Tex. 2004) (citing Coats v. Penrod Drilling Corp., 5 F.3d 877, 891 (5th Cir. 1993, cert. denied, 510 U.S. 1195 (1994)) Neither is postage. Embotelladora Agral Rigiomontana v. Sharpe Capital, Inc., 952 F.Supp. 415, 418 (N.D. Tex. 1997)

It is, therefore, **ORDERED** that the Bill of Costs of Defendant, City of Galveston, is **ALLOWED** in the **REDUCED** amount of **$1,113.24** to be included in the Final Judgment.

DONE at Galveston, Texas, this __16th__ day of August, 2012.

_____
Gregg Costa
United States District Judge